```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------x
                                         :
SECURITIES AND EXCHANGE COMMISSION,      :
                                         :
               Plaintiff,                :    AFFIRMATION
                                         :
          - v. -                         :
                                         :    09 Civ. 01043 (RJS)
NICOS ACHILLEAS STEPHANOU,               :
RAMESH CHAKRAPANI,                       :
ACHILLEAS STEPHANOU,                     :
GEORGE PAPARRIZOS,                       :
   a/k/a GEORGIOS PAPARRIZOS,            :
KONSTANTINOS PAPARRIZOS,                 :
MICHAEL G. KOULOUROUDIS,                 :
JOSEPH CONTORINIS,                       :
                                         :
               Defendants.               :
-----------------------------------------x

STATE OF NEW YORK          )
COUNTY OF NEW YORK         : ss.:
SOUTHERN DISTRICT OF NEW YORK )
```

ANDREW L. FISH, pursuant to 28 U.S.C. Section 1746, hereby affirms the truth of the following under penalty of perjury:

1.   I am an Assistant United States Attorney in the Office of Lev L. Dassin, Acting United States Attorney for the Southern District of New York.  I make this affirmation in support of the application of the Government for an Order, pursuant to Rules 24(a) and (b) of the Federal Rules of Civil Procedure, allowing the Government to intervene in the above-captioned action and for a stay of (1) all discovery (including interrogatories and deposition notices) directed at Nicos Stephanou, and (2) all discovery directed at determining the

investigative steps taken by the Department of Justice ("DOJ"), until the criminal charges against Joseph Contorinis and Michael Koulouroudis are resolved.

2.  On or about April 30, 2009, a Grand Jury in the Southern District of New York returned Indictment 09 Cr. 440 (PGG), charging Michael Koulouroudis with conspiracy and securities fraud.  The Indictment alleges that Koulouroudis executed transactions in several securities, including Albertson's Inc. ("Albertson's"), based on material, nonpublic information that had been misappropriated from UBS Investment Bank ("UBS").  The Government has produced discovery in this case, and a pretrial conference is currently scheduled for August 4, 2009.

3.  On or about February 4, 2009, a criminal complaint was filed charging Joseph Contorinis with conspiracy and securities fraud.  The criminal complaint alleges that Contorinis executed transactions in the securities of Albertson's based on material, nonpublic information that had been misappropriated from UBS.  The current preliminary hearing date is July 6, 2009.  However, Contorinis's counsel has consented to a continuance of the preliminary hearing date to allow counsel to make a second presentation to representatives of the United States Attorney's Office with respect to the Office's charging decision in the case.  To allow this presentation to take place, the Government

will, with the consent of defense counsel, seek another 30 day continuance of the preliminary hearing date.

4. On or about April 21, 2009, George Paparrizos pleaded guilty to Information 09 Cr. 400 (PAC), which charged Paparrizos with conspiracy and securities fraud. The Information alleged that Paparrizos executed transactions in securities of public companies, including Albertson's, based on material, nonpublic information that had been misappropriated from UBS. Sentencing is scheduled for August 6, 2009.

5. On or about May 7, 2009, Nicos Stephanou pleaded guilty to Information 09 Cr. 467 (CM), which charged Stephanou with six counts of conspiracy to commit securities fraud and one count of securities fraud. The charges arise from Stephanou's misappropriation of material, nonpublic information from UBS and his use and dissemination of the information to execute securities transactions. Stephanou pleaded guilty pursuant to a cooperation agreement with the Government. The Government expects to call Stephanou as a witness at the trial of Koulouroudis and the trial of Contorinis (in the event that Contorinis is indicted).

6. Recent insider trading cases in this District have generally proceeded to trial within a year of the filing of an indictment. For example, in United States v. Gansman, 08 Cr. 471 (MGC), an indictment charging two individuals with insider

trading was filed on or about May 27, 2008.  One defendant pleaded guilty; the second defendant was convicted after a jury trial that commenced on or about May 4, 2009.  In <u>United States</u> v. <u>Naseem</u>, 07 Cr. 610 (RPP), an indictment charging two individuals with insider trading was filed on or about July 3, 2007.  Trial against the one defendant who was apprehended commenced on or about December 10, 2007.  A mistrial was declared on or about December 11, 2007; the defendant was convicted after a retrial, which commenced on or about January 14, 2008.  In <u>United States</u> v. <u>Guttenberg</u>, 07 Cr. 141 (DAB), an indictment charging two individuals with insider trading was filed on or about February 26, 2007.  Trial against both defendants was scheduled to commence on or about March 3, 2008.  Both defendants pleaded guilty on or about February 27, 2008.

       7.   I understand that Chakrapani has served the Securities and Exchange Commission ("SEC") with an interrogatory asking the SEC to identify, among other things, all individuals interviewed by the DOJ.

       8.   This Court should grant the requested discovery stay for several reasons.  First, such discovery would likely make available to criminal defendants information that lies well beyond the narrow scope of criminal discovery.  Second, potential disclosure of the substance of Stephanou's testimony would also facilitate efforts by criminal defendants to manufacture evidence

and tailor their testimony and defenses to conform with the Government's proof.  Chakrapani's attempt to use the discovery process to determine whom the DOJ is interviewing (and, thereby, identify individuals who might be cooperating with the DOJ's investigation) creates similar risks.  Third, depositions and interrogatories could impair the usefulness of Stephanou, whom the Government expects to call as a witness at any criminal trials.  Fourth, allowing the criminal cases to proceed ahead of the civil actions likely will result in a narrowing of the factual and legal issues before this Court.

        9.   I declare under penalty of perjury that the foregoing is true and correct.

Dated:    July 2, 2009

                                      /s/
                                  Andrew L. Fish
                                  Assistant United States Attorney
                                  Telephone:  (212) 637-2548