```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
                                          :
                                          :
SECURITIES AND EXCHANGE COMMISSION,       :
                                          :
                                          :
              Plaintiff,                  :
                                          :
                                          :
         - v. -                           :
                                          :  09 Civ. 01043 (RJS)
NICOS ACHILLEAS STEPHANOU,                :
RAMESH CHAKRAPANI,                        :
ACHILLEAS STEPHANOU,                      :
GEORGE PAPARRIZOS,                        :
   a/k/a GEORGIOS PAPARRIZOS,             :
KONSTANTINOS PAPARRIZOS,                  :
MICHAEL G. KOULOUROUDIS,                  :
JOSEPH CONTORINIS,                        :
                                          :
                                          :
              Defendants.                 :
------------------------------------------x
```

GOVERNMENT'S MEMORANDUM OF LAW IN
SUPPORT OF APPLICATION TO INTERVENE AND
FOR A STAY OF DISCOVERY

LEV L. DASSIN
Acting United States Attorney
Southern District of New York
Attorney for the United States
        of America

Andrew L. Fish
Assistant U.S. Attorney
    -Of Counsel-

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
                                          :
SECURITIES AND EXCHANGE COMMISSION,       :
                                          :
                Plaintiff,                :
                                          :
        - v. -                            :
                                          : 09 Civ. 01043 (RJS)
NICOS ACHILLEAS STEPHANOU,                :
RAMESH CHAKRAPANI,                        :
ACHILLEAS STEPHANOU,                      :
GEORGE PAPARRIZOS,                        :
   a/k/a GEORGIOS PAPARRIZOS,             :
KONSTANTINOS PAPARRIZOS,                  :
MICHAEL G. KOULOUROUDIS,                  :
JOSEPH CONTORINIS,                        :
                                          :
                Defendants.               :
------------------------------------------x
```

GOVERNMENT'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO INTERVENE AND
FOR A STAY OF DISCOVERY

Preliminary Statement

The United States of America, by and through the Acting United States Attorney for the Southern District of New York ("the Government"), respectfully submits this memorandum in support of its motion to intervene in this case, pursuant to Rule 24(a) and (b) of the Federal Rules of Civil Procedure, and for a stay of (1) all discovery (including interrogatories and deposition notices) directed at Nicos Stephanou, and (2) all discovery directed at determining the investigative steps taken by the Department of Justice ("DOJ"), until the criminal charges against Joseph Contorinis and Michael Koulouroudis are resolved.

Background

The Complaint in this case alleges, among other things, that Nicos Stephanou misappropriated from UBS Investment Bank ("UBS") material, nonpublic information concerning the merger and acquisition activities of certain public companies, including Albertson's Inc. ("Albertson's"). The Complaint alleges that Stephanou provided this inside information to several individuals, including Joseph Contorinis, Michael Koulouroudis, and George Paparrizos. The Complaint further alleges that Ramesh Chakrapani provided to Stephanou material, nonpublic information regarding the acquisition of National Health Investors, Inc., and that Stephanou then passed this information to Koulouroudis.

Four of the defendants in this case are also defendants in substantially related criminal prosecutions in this District arising from schemes to execute securities transactions based on material, nonpublic information that had been misappropriated from UBS. Two of the defendants – Nicos Stephanou and George Paparrizos – have pleaded guilty to charges of conspiracy and securities fraud in the cases captioned *United States* v. *Stephanou*, 09 Cr. 467 (CM), and *United States* v. *Paparrizos*, 09 Cr. 400 (PAC).

Michael Koulouroudis is charged with conspiracy and securities fraud in the case captioned *United States* v. *Koulouroudis*, 09 Cr. 440 (PGG). The next pretrial conference is

scheduled for August 4, 2009.

Joseph Contorinis is charged with conspiracy and securities fraud in criminal complaint 09 Mag. 209. The current preliminary hearing date is July 6, 2009. However, Contorinis's counsel has consented to a continuance of the preliminary hearing date to allow counsel to make a second presentation to representatives of the United States Attorney's Office with respect to the Office's charging decision in the case. To allow this presentation to take place, the Government will, with the consent of defense counsel, seek another 30 day continuance of the preliminary hearing date.

Stephanou pleaded guilty pursuant to a cooperation agreement with the Government. The Government expects to call Stephanou as a witness at the trial of Koulouroudis and the trial of Contorinis (in the event that Contorinis is indicted).

## Argument

As set forth in the Government's pre-motion letter, the Government seeks a stay of limited discovery pending resolution of the criminal cases against Koulouroudis and Contorinis, both of whom are defendants in this case. The Government seeks to stay only (1) all discovery (including interrogatories and deposition notices) directed at Nicos Stephanou, and (2) all discovery directed at determining the investigative steps taken by the Department of Justice ("DOJ") (such discovery may well be

3

objectionable under the Federal Rules of Civil Procedure, even absent a stay).  This limited stay would allow the defendants to take the bulk of pretrial discovery while the criminal cases against Koulouroudis and Contorinis proceed to trial.  Once the criminal trials end, any remaining defendants could promptly complete discovery and proceed to trial.  As set forth below, recent criminal insider trading cases in this District have proceeded to trial within a year of indictment.  Accordingly, the Government does not anticipate that the stay it seeks would be lengthy.

   A stay is appropriate, because, among other things, defendants in the criminal cases (counsel for whom would presumably attend Stephanou's deposition) would otherwise be able to use the broad civil discovery rules to obtain information that they could not obtain in the criminal case and then tailor their testimony and defenses to conform with the Government's proof. Moreover, as Judge Rakoff noted in granting a stay of depositions of criminal defendants, "there is a high likelihood that invocations of the Fifth Amendment privilege will play havoc with the orderly conduct of all . . . of these depositions." *United States* v. *Saad,* 229 F.R.D. 90, 91 (S.D.N.Y. 2005).  Indeed, defendant Koulouroudis invoked the Fifth Amendment in his Answer to the complaint in this case, and it is possible that the criminal defendants' invocation of their Fifth Amendment rights

4

could "play havoc" with the discovery process.  Accordingly, a stay is warranted.

I.   The Government Should Be Granted Permission To Intervene

The Government seeks to intervene in this case under Rule 24 of the Federal Rules of Civil Procedure.  Rule 24(a)(2) provides for intervention as of right when the movant "claims an interest relating to the property or transaction which is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest."  Rule 24(b)(2) provides for permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact."  The Government respectfully submits that its application satisfies both of those provisions.

As a general rule, courts "have allowed the government to intervene in civil actions – especially when the government wishes to do so for the limited purpose of moving to stay discovery."  *Twenty First Century Corp.* v. *LaBianca*, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992); *see SEC* v. *Credit Bancorp.*, 297 F.3d 127, 130 (2d Cir. 2002).  Indeed, "[i]t is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is . . . already underway that involves common questions of law or fact."  *United States* v.

*Downe*, 1993 WL 22126, at *11 (S.D.N.Y. 1993); *see also First Merchants Ents., Inc.* v. *Shannon*, 1989 WL 25214, at *3 (S.D.N.Y. 1989) (allowing United States Attorney to intervene in civil action).

II.  <u>This Court Should Grant A Limited Discovery Stay</u>

This Court has the inherent power to stay discovery in the interests of justice pending the completion of the Government's investigation and any subsequent proceedings.  *See Landis* v. *North American Co.*, 299 U.S. 248, 255 (1936); *Kashi* v. *Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986); *United States* v. *Any And All Assets Of That Certain Business Known As Shane Company*, 147 F.R.D. 99, 101 (M.D.N.C. 1993) ("*Shane Company*") ("Court has authority to stay civil proceedings pending the resolution of criminal investigations").  Indeed, courts have granted applications by the Government to stay parallel civil proceedings in order to protect a pending criminal investigation prior to and after indictment. *See*, *e.g.*, *Shane Company*, 147 F.R.D. at 101-102 (granting stay of discovery in civil forfeiture action pending federal criminal grand jury investigation involving same and related facts); *Downe*, 1993 WL 22126, at *14 (granting stay of SEC enforcement action pending federal grand jury investigation); *United States* v. *One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("where both civil and criminal proceedings arise out of the same or related transactions the government is

ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter").

Courts have granted discovery stays even when civil defendants were not charged criminally.  For example, in *SEC* v. *Beacon Hill Asset Management LLC*, 2003 WL 554618 (S.D.N.Y. Feb. 27, 2003), Judge Kaplan granted a discovery stay pending the completion of a grand jury investigation.  *Id.* at *2.  Similarly, in *United States* v. *Downe*, 1993 WL 22126 (S.D.N.Y. Jan. 26, 1993), Judge Leisure stayed the deposition of a cooperating witness, even though no defendants had yet been indicted.  *Id.* at *13.

In this case, the Government seeks only a stay of limited discovery.  Accordingly, Chakrapani's reliance on *SEC* v. *Cioffi*, 2008 WL 4693320 (E.D.N.Y. Oct. 23, 2008) is misplaced. In that case, the district court denied the Government's request for a global discovery stay before discovery had commenced.  The district court stated that it would not rule on a stay request "in a vacuum," but that the Government would be able to object to particular discovery requests after they were made.  *Id.* at *1-2. In this case, the Government has not sought a global discovery stay and seeks only to delay certain discovery that could have an impact on pending criminal cases.

This limited stay is appropriate for several reasons. First, such discovery would likely make available to criminal

7

defendants Koulouroudis and Contorinis information that lies well beyond the narrow scope of criminal discovery. *Compare* Fed. R. Civ. P. 26(b) with Fed. R. Crim. P. 16. As courts have observed, the Government "has a discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *SEC* v. *Chestman*, 861 F.2d 49, 50 (2d Cir. 1988); *see SEC* v. *Beacon Hill Asset Management LLC*, 2003 WL 554618, at *2 (S.D.N.Y. Feb. 27, 2003) (staying, among other things, depositions and interrogatories directed at Government witnesses); *Phillip Morris Inc.* v. *Heinrich*, 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (without stay, targets "may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules"); *Shane Company*, 147 F.R.D. at 101-02 (granting stay in civil case pending grand jury investigation because "the same evidentiary material likely will be involved" in both matters, and thus discovery "could interfere with the government's criminal investigation"); *Downe*, 1993 WL 22126 at *12-13. Depositions and interrogatories at this point in time would effectively provide an end-run around the constraints imposed by Fed. R. Crim. P. 16 and the Jencks Act, 18 U.S.C. § 3500.

        Second, potential disclosure of the substance of Stephanou's testimony would also facilitate efforts by criminal

8

defendants to manufacture evidence and tailor their testimony and defenses to conform with the Government's proof.  Chakrapani's attempt to use the discovery process to determine whom the DOJ is interviewing (and, thereby, identify individuals who might be cooperating with the DOJ's investigation) creates similar risks.

Third, depositions and interrogatories could impair the usefulness of Stephanou, whom the Government expects to call as a witness at any criminal trials.  Providing a preview of Stephanou's testimony and then subjecting him to searching cross-examination at depositions could impact his usefulness at any future trial.  *See generally WorldCom Securities Litigation*, 2002 WL 31729501, at *9 (S.D.N.Y. Dec. 5, 2003) (observing that United States Attorney "has a significant interest in preserving the usefulness of cooperating defendants as Government witnesses").  Indeed, even judges who have denied broader discovery stays sought by the Government have stayed depositions of cooperating witnesses until they have testified at criminal trials.  *See SEC v. Saad*, 229 F.R.D. 90, 91 (S.D.N.Y. 2005).

Fourth, allowing the criminal cases to proceed ahead of the civil actions likely will result in a narrowing of the factual and legal issues before this Court.  *Volmar Dist., Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 40 (S.D.N.Y. 1993); *Brock v. Tolkow*, 109 F.R.D. 116, 120 (E.D.N.Y. 1985).  Although Chakrapani's case will not be resolved through the criminal

9

process, the claims against Koulouroudis and Contorinis could be settled in the event that they are convicted in the criminal cases.  Accordingly, the interests of judicial economy are better served by the limited stay the Government seeks.

The pending criminal cases should not take inordinately long to resolve.  Recent insider trading cases in this District have generally proceeded to trial within a year of the filing of an indictment.  For example, in *United States* v. *Gansman*, 08 Cr. 471 (MGC), an indictment charging two individuals with insider trading was filed on May 27, 2008.  One defendant pleaded guilty; the second defendant was convicted after a jury trial that commenced on May 4, 2009.  In *United States* v. *Naseem*, 07 Cr. 610 (RPP), an indictment charging two individuals with insider trading was filed on July 3, 2007.  Trial against the one defendant who was apprehended commenced on December 10, 2007.  A mistrial was declared on December 11, 2007; the defendant was convicted after a retrial, which commenced on January 14, 2008.  In *United States* v. *Guttenberg*, 07 Cr. 141 (DAB), an indictment charging two individuals with insider trading was filed on February 26, 2007.  Trial against both individuals was scheduled to commence on March 3, 2008.  Both defendants pleaded guilty on February 27, 2008.

Finally, the Court should consider whether discovery would be completed before the criminal trials, whether or not a

stay is granted. As Judge Rakoff noted in granting a stay of depositions of criminal defendants, "there is a high likelihood that invocations of the Fifth Amendment privilege will play havoc with the orderly conduct of all . . . of these depositions." *United States* v. *Saad,* 229 F.R.D. 90, 91 (S.D.N.Y. 2005). Similarly, Judge Kaplan continued a discovery stay in *Beacon Hill Asset Management* on the ground that lifting the stay "would result in BHAM's principals using civil discovery to their advantage in the criminal investigation while taking the Fifth Amendment to avoid testifying in these civil cases." *SEC* v. *Beacon Hill Asset Management LLC*, 2004 WL 367673 (S.D.N.Y. Feb. 25, 2004)*.* Tellingly, defendant Koulouroudis invoked the Fifth Amendment in his Answer to the complaint in this case. If discovery cannot conclude because of the defendants' invocations of their Fifth Amendment rights, that factor would militate in favor of the stay the Government seeks.

## Conclusion

For the foregoing reasons, this Court should grant the Government permission to intervene and should stay (1) all discovery (including interrogatories and deposition notices) directed at Nicos Stephanou, and (2) all discovery directed at determining the investigative steps taken by the Department of Justice, until the criminal charges against Joseph Contorinis and Michael Koulouroudis are resolved.

11

Dated:    New York, New York
          July 2, 2009

                              Respectfully submitted,

                              LEV L. DASSIN
                              Acting United States Attorney
                              Southern District of New York
                              Attorney for the United States
                                      of America

                         By:  /s/_____
                              Andrew L. Fish
                              Assistant United States Attorney
                              Telephone:  (212) 637-2548