UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————

SECURITIES AND EXCHANGE
COMMISSION,

                      Plaintiff,

-v-

JOSEPH CONTORINIS,

                      Defendant.

No. 09-cv-1043 (RJS)
AMENDED JUDGMENT

     WHEREAS the Court granted Plaintiff Securities and Exchange Commission's ("Commission") motion for summary judgment by Memorandum and Order dated February 3, 2012;

     WHEREAS by Order dated February 8, 2012, the Court directed the Commission to submit a proposed revised judgment, invited Defendant to submit any comments he had regarding the proposed revised judgment, and held a telephonic hearing regarding the proposed revised judgment on February 28, 2012;

     WHEREAS the Court entered its revised Judgment on February 29, 2012;

     WHEREAS the parties have since then engaged in extensive discussions regarding Defendant's financial condition;

     WHEREAS as a result of such discussions Plaintiff and Defendant have agreed to the entry of this Amended Judgment;

     WHEREAS in agreeing to the entry of this Amended Judgment the Commission is relying upon the representations certified by Defendant to the Commission in the August 6,

2015, Letter from Roberto Finzi, Esq., to Kingdon Kase, Esq., setting forth information concerning Defendant's financial condition;

WHEREAS Defendant will withdraw his Petition for a Writ of Certiorari upon the entry of this Amended Judgment, it is

ORDERED, ADJUDGED, AND DECREED: That Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

That Defendant is liable for disgorgement of $7,260,604, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,417,940, post-judgment interest thereon pursuant to 28 U.S.C. § 1961, which shall commence on and include February 29, 2012, and a civil penalty in the amount of $1,000,000

pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1], which amounts shall be fully satisfied by Defendant's payment of $3,900,000 to the Commission;

That immediately upon entry of this Order, the Clerk of the Court shall release $2,572,125, representing bail paid by Defendant in United States v. Joseph Contorinis, No. 09 Cr. 1083 (RJS) (S.D.N.Y.) currently held in the Court's registry under Mag. No. 09-MJ-289, and shall send those funds via a check payable to the Securities and Exchange Commission to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

The check shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Joseph Contorinis as a defendant in this action; and specifying that payment is made pursuant to this Order. Within 7 days of the entry of this Order, the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP acting as escrow agent (the "Escrow Agent") shall electronically transmit to the Commission, pursuant to the ACH transfer instructions already provided to Escrow Agent, the amount of $1,327,875, representing the balance due of the $3,900,000 due to be paid as set forth herein. The Commission shall remit all the funds paid pursuant to this paragraph to the United States Treasury;

That the satisfaction of Defendant's full disgorgement, prejudgment interest, post-judgment interest, and civil penalty obligations by his payment of $3,900,000 as provided herein is contingent upon the accuracy and completeness of Defendant's representations and certification regarding Defendant's financial condition set forth in the August 6, 2015, Letter from Roberto Finzi, Esq., to Kingdon Kase, Esq. If at any time following the entry of this Order the Commission obtains information indicating that Defendant's representations to the

3

Commission concerning Defendant's financial condition were knowingly and intentionally fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion, upon 5 days' prior written notice to Defendant (unless the Commission staff believes in good faith there is a need for immediate action), petition the Court for an order requiring Defendant to pay in full the disgorgement, prejudgment and post-judgment interest thereon as set forth above.  In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was knowingly and intentionally fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made.  In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Order.  The Commission may also request additional discovery.  Defendant may not, by way of defense to such petition:  (1) challenge the validity of this Order; (2) contest the allegations in the Complaint filed by the Commission; or (3) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense;

That this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order;

That this Order shall constitute the final judgment in this matter and supersedes the Court's Judgment of February 29, 2012, located at docket entry number 160.

SO ORDERED.

Dated: November 5, 2015
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

4